**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BAYLIE ANTHONY,<br><br>Plaintiff<br>v.<br><br>ASTON DINER, INC., ASTON DINER, ASTON DINER AND FAMILY RESTAURANT, and ISMET USTA<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>C.A. No.:<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## INTRODUCTION

Plaintiff, Baylie Anthony ("Plaintiff"), by and through her attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendants Aston Diner, Inc., Aston Diner, Aston Diner and Family Restaurant, and Ismet Usta for unlawful discrimination, harassment and a hostile work environment on the basis of her sex/gender, retaliation and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA"). Plaintiff seeks damages, including compensatory, punitive, attorneys' fees, and all other relief that this Court deems appropriate, and respectfully represents as follows:

## PARTIES

1. Plaintiff, Baylie Anthony, is an adult individual and citizen of the Commonwealth of Pennsylvania and a female resident of this judicial district who was at all times material hereto an employee of Defendants within the meaning of the statutes that form the basis of this matter.

2. Defendant Aston Diner, Inc., is a Pennsylvania business entity with a registered business address at 3601 Concord Rd., Aston, PA 19014.

3. Defendant Aston Diner, is a Pennsylvania business entity with a registered business address at 3601 Concord Rd., Aston, PA 19014.

4. Defendant Aston Diner and Family Restaurant is a Pennsylvania business entity with a registered business address at 3601 Concord Rd., Aston, PA 19014.

5. Defendant Ismet Usta is an adult individual who at all times relevant hereto was the President of the Aston Diner Defendants and who maintained a business address at 3601 Concord Rd., Aston, PA 19014. Defendant is sued under a theory of aiding and abetting.

6. At all times material hereto, Defendants Aston Diner, Inc., Aston Diner, Aston Diner and Family Restaurant employed more than fifteen (15) employees.

7. Defendants Aston Diner, Inc., Aston Diner, Aston Diner and Family Restaurant are engaged in an industry affecting interstate commerce and regularly conduct business in the Commonwealth of Pennsylvania.

8. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendant's business.

**JURISDICTION AND VENUE**

9. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (PHRA) pursuant to 28 U.S.C. §1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

13. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, retaliation, unlawful termination and of a hostile work environment with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action.

## GENERAL ALLEGATIONS

14. The Plaintiff, Baylie Anthony, a now thirty-one (31) year-old female, was employed by Defendants from on or about October 1, 2023 through her constructive discharge on or about June 26, 2024.

15. Throughout the duration of her employment with Defendants, Plaintiff was employed as a server at the Aston Diner, a dining establishment located at 3601 Concord Road, Aston, PA 19014.

16. At all times relevant hereto, Plaintiff was an excellent employee, consistently meeting expectations and standards for her position.

17. Shortly after Plaintiff began working, Defendants, through its agents, servants, and employees, subjected Plaintiff to a hostile work environment through unwanted and uninvited sexual harassment which included inappropriate comments and touching.

18. Specifically, Plaintiff began to be sexually harassed by Ibrahim Kalander, a manager who is believed to be the relative of Ismet Usta, the owner/operator/president of Defendants.

19. By way of example, over the course of her employment, Ibrahim would frequently make unwanted, inappropriate and sexual comments to Baylie, would tell her she was "sexy," would tell her he wanted to kiss her, would moan in her ear, and would make kissing sounds around her.

20. When Plaintiff rebutted his advances, he would intentionally skip her in the rotation when seating guests to keep her from getting tables and, thus, tips.

21. Plaintiff would frequently complain about the behavior to Defendant Ismet Usta, who made no efforts to terminate or otherwise discipline Ibrahim.

22. In fact, Defendant Ismet Usta aided and abetted Ibrahim by refusing to take any steps to discipline or terminate him and enabled him to continue taking such actions towards Plaintiff and permitted Ibrahim to pass her over for tables.

23. Plaintiff also made complaints to Tracie, a manager, and Ismet Usta's son, a manager, yet similarly neither took any steps to terminate or discipline Ibrahim and as a result, the harassment continued and Ibrahim continued to retaliate against the Plaintiff.

24. The harassment and discrimination culminated on June 23, 2024, when Ibrahim forced Plaintiff into the bathroom at work, tried to put his hands down her pants, and informed her that if she would "suck his penis" he would let her go.

25. Fortunately, the Plaintiff was able to escape and get a ride home.

26. When she complained to Ismet Usta and other managers about this incident, again no steps were taken to discipline Ibrahim.

27. Upon information and belief, Ibrahim had a known history of making sexual advances and sexually inappropriate comments towards other female employees of Defendants, but no steps were ever taken to discipline him.

28. It is believed and therefore averred that other employees had complained to Usta about the actions of Ibrahim during the course of his employment, and that Usta had failed to take any remedial or disciplinary action.

29. Instead, Usta allowed the actions of Ibrahim to persist despite knowing how Ibrahim treated other employees, and as a result claims are brought against Defendant Usta under a theory of aiding and abetting.

30. As a result of the aforementioned harassment, retaliation, and failure to address Plaintiff's complaints of sexual harassment and of a hostile work environment, Plaintiff was constructively discharged on or about June 26, 2024 as she no longer felt safe continuing to work at Defendant's establishment.

31. Plaintiff, Baylie Anthony, was discriminated against on the basis of her sex/gender with respect to the terms, conditions and/or privileges of her employment.

32. The hostile work environment Plaintiff was subjected to was unwelcome and based on her sex/gender and complaints of discrimination and harassment, was severe and/or pervasive, was humiliating and degrading, and unreasonably interfered with her work.

33. Plaintiff viewed the harassment and discrimination as creating an abusive and hostile work environment, as would a reasonable person under similar circumstances.

34. Defendants wholly failed to prevent or address the harassment and discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discrimination, harassment, and retaliatory conduct.

35. The discriminatory and retaliatory conduct as well as the harassment of Defendants was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

36. Under these circumstances, the retaliatory actions that Plaintiff was subjected to, including but not limited to the aforementioned harassment and constructive discharge, would deter a reasonable employee from exercising their rights.

37. Defendant acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's federal and state protected rights.

38. Upon information and belief, Defendants had a pattern or practice of discriminating against female employees.

39. Plaintiff's sex/gender was a motivating factor in Defendants' improper and discriminatory treatment of Plaintiff.

40. Plaintiff's sex/gender was a determinative factor in Defendants' improper and discriminatory treatment of Plaintiff.

41. As a direct and proximate result of the hostile harassment and discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – TITLE VII**

**Plaintiff Baylie Anthony v. Defendants Aston Diner, Inc., Aston Diner, Aston Diner and Family Restaurant**

42. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

43. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated Title VII.

44. Said violations were willful and intentional and warrant the imposition of punitive damages.

45. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

46. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' harassment and discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

47. By reason of Defendants' discriminatory acts, harassment, and retaliation, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

48. No previous application has been made for the relief requested herein.

**COUNT II – PHRA**

**Plaintiff Baylie Anthony v. Defendants Aston Diner, Inc., Aston Diner, Aston Diner and Family Restaurant**

49. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

50. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated the PHRA.

51. Said violations were intentional and willful.

52. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

53. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

54. By reason of Defendants' harassment, discrimination and retaliation, Plaintiff Baylie Anthony is entitled to all legal and equitable remedies available under the PHRA.

55. No previous application has been made for the relief requested herein.

**COUNT III – PHRA**

**Plaintiff Baylie Anthony v. Defendant Ismet Usta**

56. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

57. At all times relevant hereto, the PHRA made it unlawful for Defendant to aid and abet unlawful discrimination and harassment under the PHRA.

58. Despite this, Defendant Ismet Usta aided and abetted in the discrimination and harassment against Plaintiff as described above.

59. By aiding and abetting Defendants Aston Diner, Inc., Aston Diner, Aston Diner and Family Restaurant and specifically their employee/manager/agent, Ibrahim Kalander, Defendant Ismet Usta acted in violation of Plaintiff's PHRA rights, and defendant is liable to plaintiff pursuant to Section 5(e) of the PHRA, 43 Pa.C.S.A. § 955(e).

60. Said violations were intentional and willful.

61. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

62. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

63. By reason of Defendant Usta's aiding and abetting of harassment, discrimination and retaliation, Plaintiff Baylie Anthony is entitled to all legal and equitable remedies available under the PHRA.

64. No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all past lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g) awarding punitive damages to Plaintiff under Title VII;

(h) awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY DEMAND**

Plaintiff demands a trial by jury of the claims asserted herein.

Dated: November 18, 2026

*/s/ Gerald B. Baldino, III*
Gerald B. Baldino, III, Esquire
Attorney I.D. No. 326111
SACCHETTA & BALDINO
308 E. Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
*Attorney for Plaintiff*